IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JANE DOE,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:21-cv-01094-O |
| **KELLER INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| | § | |
| *Defendant*. | § | |

## OPINION & ORDER

Before the Court are Plaintiff's Motion for Reconsideration, Motion for New Trial, and Motion to Amend and/or Alter the Judgment (the "Motion") (ECF No. 44), filed August 5, 2022; Defendant's Response (ECF No. 46), filed August 25, 2022; and Plaintiff's Reply (ECF No. 47), filed September 7, 2022. Having considered the Motion, briefing, and applicable law, the Court **DENIES** the Motion. The Court explains its reasoning below.

**I.    FACTS**

Plaintiff Jane Doe is a recent high school graduate who brings this suit against her school district, Defendant Keller Independent School District ("Keller ISD"). She alleges Defendant violated Title IX by failing to protect her from teacher Ricky Badley, who repeatedly subjected her to a campaign of sexual harassment, stalking, and other threatening behaviors.

On July 7, 2022, the Court granted Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 13) and issued a final judgment.[1] In its opinion dismissing the case, the Court offered a lengthy recitation of facts drawn from Plaintiff's First Amended Complaint

---

[1] *See* July 7, 2022 Order, ECF No. 42; Final Judgment, ECF No. 43.

1

(ECF No. 10) and accepted all of Plaintiff's well-pleaded facts as true.[2] Accordingly, the Court does not reiterate those same disturbing facts again here. Instead, the Court briefly outlines the facts which Plaintiff saw fit to highlight in her Motion.

To begin, Plaintiff emphasizes that Badley was previously counseled by Principal Michelle Somerhalder for having "favorite" students almost four years prior to the events that gave rise to this lawsuit.[3] Plaintiff contends that this is relevant since Badley subsequently identified her as one of his "favorites."

Further, Plaintiff alleges that Defendant did not immediately show Badley the door when his misconduct came to light.[4] Instead, following a January 8, 2020 meeting between Principal Michelle Somerhalder and Plaintiff's parents about Badley's behavior, Keller ISD took no action against Badley for three weeks until he resigned on January 27, 2020.[5] Moreover, Badley's last official day of employment did not arrive until March 6, 2020.[6]

Plaintiff contends that Defendant's delay—and the ineffectiveness of Defendant's ultimate response—failed to adequately protect her from Badley. For example, Plaintiff asserts that Keller ISD should have limited Badley's access to student databases and restricted his ability to communicate with students during the three weeks before his resignation.[7] Since Keller ISD failed to do this, Badley was able to continue harassing Doe and proceeded to mail more harassing letters to school affiliated individuals, presumably using information taken from Keller ISD databases.[8] Relatedly, Defendant also failed to notify the school community of the circumstances of Badley's

---

[2] *See* July 7, 2022 Order 1–5, ECF No. 42; *see also*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (directing courts to accept well-pleaded facts in a complaint as true).
[3] Pl.'s Mot. 2, ECF No. 44.
[4] *Id.* at 4–5.
[5] *Id.* at 3.
[6] *Id.* at 4.
[7] *Id.* at 3.
[8] *Id.* at 9–10.

resignation which enabled him to continue stalking Plaintiff at school events after his resignation.[9]

Additionally, Plaintiff takes issue with the fact that Keller ISD's general counsel also served as Keller ISD's Title IX coordinator during the events in question, which Plaintiff contends is an impermissible conflict of interest.[10] Plaintiff also accuses Keller ISD of deliberate indifference because Keller ISD allowed Badley to resign instead of terminating him.[11]

## II.    LEGAL STANDARDS

### A.  Federal Rules of Civil Procedure 59 and 60

Federal courts treat timely-filed motions for reconsideration as motions to alter or amend the judgment under Rule 59(e). *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id*. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004).

Rule 60(b) permits courts to relieve a party from a final judgment or order for a variety of reasons. Fed. R. Civ. P. 60(b). Those reasons are:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

---

[9] *Id*. at 8.
[10] *Id*. at 9.
[11] *Id*. at 7.

*Id*. Importantly, parties cannot pursue motions under Rule 59(e) or Rule 60(b) merely to advance their disagreement with the Court's analysis in an effort to relitigate issues the Court previously resolved against them. *Assariathu v. Lone Star HMA LP*, No. 3:11-cv-99-O, 2012 WL 12897342, at *3 (N.D. Tex. June 5, 2012) (O'Connor, J.) ("Plaintiffs are essentially attempting to relitigate issues previously resolved against them by advancing their disagreement with the Court's analysis. Such arguments are insufficient to warrant granting the extraordinary relief available under Rule 59(e) or 60(b).").

### B. Title IX Violations

Title IX is contractual in nature, conditioning federal funding on a promise that the recipient will not discriminate on the basis of sex. *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 358 (5th Cir. 2020). Title IX mandates that no person "shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Under Title IX, schools are "liable only for *intentional* sex discrimination." *Edgewood*, 964 F.3d at 358. Where there is no official policy of discrimination, damages arise only when an official (1) has authority to institute corrective measures, (2) has actual notice of misconduct, and (3) acts with deliberate indifference. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 276, 290–91 (1998).

### III. ANALYSIS

As Defendant points out, Plaintiff fails to include any legal citations in either her Motion or her Reply.[12] Instead, Plaintiff presents an array of facts intended to undermine the Court's prior conclusion that Defendant did not act with deliberate indifference in its handling of Badley's misconduct. Even construed generously, this approach complicates the Court's analysis since it is

---

[12] *See* Pl.'s Mot., ECF No. 44; Pl.'s Reply, ECF No. 47; *see also*, Def.'s Resp. 2, ECF No. 46 (objecting to the lack of legal authority in Plaintiff's Motion).

not clear which facts are meant to support which legal standards for post-judgment relief.[13] Nevertheless, in an effort to fully and fairly consider the arguments presented, the Court reviews Plaintiff's arguments under both Federal Rule of Civil Procedure 59 and Federal Rule of Civil Procedure 60. Ultimately, the Court concludes that Plaintiff has failed to establish her entitlement to post-judgment relief under either Rule.

### A. Federal Rule of Civil Procedure 59

Rule 59 allows a party to seek a new trial and move to alter or amend a judgment. FED R. CIV. P. 59. Since there was no trial in this case, the Court considers Plaintiff's Motion under Rule 59(e) as a motion to alter or amend a judgment. FED R. CIV. P. 59(e); *see also*, *In re Life Partners Holdings*, 926 F.3d at 128. Due to the technical issues explained in Plaintiff's Reply, the Court also considers Plaintiff's Motion to be timely filed under Rule 59(e).[14]

As the Fifth Circuit directs, "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *In re Life Partners Holdings*, 926 F.3d at 128. The Court addresses each component of this standard and finds that Plaintiff has failed to articulate a viable claim for relief under any of them.

To begin, Plaintiff has not alleged that the Court committed an error of law in its prior opinion dismissing this case. Indeed, based on the structure and lack of legal citations in her

---

[13] Construed less generously, Plaintiff's arguments could be viewed as an impermissible effort "to relitigate issues previously resolved against [her] by advancing [her] disagreement with the Court's analysis." *Assariathu v. Lone Star HMA LP*, No. 3:11-cv-99-O, 2012 WL 12897342, at *3 (N.D. Tex. June 5, 2012) (O'Connor, J.).
[14] Pl.'s Reply 1–2, ECF No. 47.

Motion, Plaintiff seems to concede that the Court employed the law correctly. Accordingly, the Court cannot afford relief on this ground.

Instead, Plaintiff argues that the Court committed an error of fact. Specifically, a bulk of Plaintiff's Motion discusses if and how Defendant "show[ed] Badley the door."[15] According to Plaintiff, Defendant failed to show Badley the door, or at least failed to do so with sufficient haste. Plaintiff further contends that Defendant misrepresented to the Court how quickly and decisively it showed Badley the door. But the record reveals that the Court committed no factual error on this point in its analysis.

In Plaintiff's First Amended Complaint, Plaintiff alleges that her parents met with Principal Somerhalder about Badley's misconduct on January 8, 2020 and that Badley subsequently resigned, rather than being terminated, under pressure from Keller ISD on January 27, 2020.[16] The Court took these facts as true in its prior opinion dismissing Plaintiff's case, and subsequent evidence revealed in discovery has further supported these facts. Relatedly, Plaintiff points to the fact that Badley's January 27, 2020 resignation did not take effect until March 6, 2020 as evidence of Keller ISD's deliberate indifference.[17] But again, the Court's prior opinion notes that Badley's "resignation was not effective immediately."[18] In short, Plaintiff may—and evidently does—object to the Court's weighing of these details, but Plaintiff cannot claim that the Court based its prior opinion on manifestly erroneous facts.

As for the final component of a Rule 59(e) challenge, Plaintiff argues for reconsideration by pointing to swathes of "newly discovered evidence" that came to light during the discovery period in this case. *In re Life Partners Holdings*, 926 F.3d at 128. This evidence touches on Keller

---

[15] Pl.'s Mot. 2, ECF No. 44.
[16] Pl.'s First Am. Compl. ¶¶ 31, 35, ECF No. 10.
[17] Pl.'s Mot. 4, ECF No. 44.
[18] July 7, 2022 Order 4, ECF No. 42.

ISD's delay showing Badley the door, the knowledge of various Keller ISD officials regarding Badley's misconduct, the relative merits of terminating Badley versus allowing him to resign, the violation of various Keller ISD policies, the other actions Keller ISD could have taken to protect Plaintiff, and the potential conflicts of interest affecting Keller ISD's Title IX coordinator.[19] But most of these so-called discoveries simply add more detail to facts that Plaintiff already alleged and that the Court already considered. This is not enough to warrant reconsideration.

And even Plaintiff's argument about Amanda Bigbee serving as both Keller ISD's Title IX coordinator and Keller ISD's general counsel is unavailing. To be fair, this fact was not raised in Plaintiff's First Amended Complaint, nor was it discussed in the Court's prior opinion dismissing this case. But Plaintiff was already on notice of this potential conflict at the time Keller ISD's Motion to Dismiss was initially briefed.[20] In other words, Plaintiff should have raised this argument earlier, so it cannot be the basis of relief now. And even if Bigbee's conflict of interest was properly before the Court, Plaintiff has failed to show how Bigbee's dual roles amount to deliberate indifference on the part of Keller ISD.

Overall, Plaintiff has failed to establish that the Court made an error of law or an error of fact in dismissing this case, and Plaintiff has not introduced new evidence that was unavailable earlier in this case. For those reasons, Plaintiff is not entitled to relief under Rule 59(e).

### B. Federal Rule of Civil Procedure 60

Rule 60(a) allows a party to seek relief from a judgment due to a clerical error and Rule 60(b) allows a party to seek relief from a judgment on six separate substantive grounds. FED. R. CIV. P. 60(a)–(b). Those six grounds are:

(1) mistake, inadvertence, surprise, or excusable neglect;

---

[19] Pl.'s Mot. 2–10, ECF No. 44.
[20] Def.'s Resp. 12–13, ECF No. 46.

>    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>    (4) the judgment is void;
>    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>    (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Since there is no allegation of a clerical error at issue, the Court considers Plaintiff's Motion under Rule 60(b) and finds that none of the enumerated reasons afford Plaintiff the relief she seeks.

As for Rule 60(b)(1), a mistake warranting relief can include judicial errors, "but such an error must be a 'fundamental misconception of the law,' and not merely an erroneous ruling." *Webb v. Davis*, 940 F.3d 892, 899 (5th Cir. 2019) (quoting *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 695 (5th Cir. 1983)). Plaintiff does not explicitly argue that the Court has committed such a grievous error, and, as the Court discussed above, there is no indication that its prior opinion dismissing this case was based on a faulty conclusion of law or fact.

As for Rule 60(b)(2), to claim relief due to newly discovered evidence, "'a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'" *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (quoting *Goldstein v. MCI Worldcom*, 340 F.3d 238, 257 (5th Cir. 2003)). Moreover, "[a] judgment will not be reopened if the evidence is merely cumulative or impeaching and would not have changed the result." *Hesling*, 396 F.3d at 639. Here, none of Plaintiff's new evidence would change the Court's decision to dismiss this case, since the supposedly new evidence simply adds more information and detail to facts the Court previously considered. And at the motion to dismiss stage,

8

the Court held that "even if Plaintiff's version of events is true, Defendant was not deliberately indifferent."[21]

As for Rule 60(b)(3), a party seeking relief "must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling*, 396 F.3d at 641. The moving party must prove the misconduct by clear and convincing evidence. *Id*. Here, the only potential assertion of fraud involves Defendant's alleged misrepresentations about how fast Keller ISD dismissed Badley. In the Court's estimation, the allegations of misrepresentation are overstated, and they wouldn't have prevented Plaintiff from making her case, even if true. As such, Plaintiff has failed to carry her burden on this point.

As for Rule 60(b)(4) and Rule 60(b)(5), there is no reason that the Court's Final Judgment is void, nor is there any evidence that the Final Judgment has lost its equitable or legal efficacy. These reasons for relief from a judgment do not apply.

Finally, as for Rule 60(b)(6), the Fifth Circuit has repeatedly held that any relief available under this section is "mutually exclusive from relief available under sections (1)–(5)." *Hesling*, 396 F.3d at 643 (citing *Transit Cas. Co. v. Sec. Trust Co.*, 441 F.2d 788, 792 (5th Cir. 1971)). Furthermore, relief is available under this section "'only if extraordinary circumstances are present.'" *Id.* at 642 (quoting *American Totalisator Co., Inc. v. Fair Grounds Corp.*, 3 F.3d 810, 815 (5th Cir. 1993)). Since Plaintiff has not pointed to any extraordinary circumstances, and since the Court has sufficiently addressed all the issues raised in Plaintiff's Motion earlier in its analysis, the Court finds no further allegations that warrant reconsideration under this section.

---

[21] July 7, 2022 Order 8, ECF No. 42.

Having reviewed each potential avenue for relief under Rule 60(b), the Court finds that Plaintiff has failed to establish her entitlement to relief under any of them.

IV.     **CONCLUSION**

At this point, the Court reiterates its holding from its prior opinion dismissing this case. Namely, "[t]he school officials took reasonable—albeit inadequate—action to halt Badley's behavior."[22] Plaintiff has thoroughly identified other steps Keller ISD could have taken—and perhaps should have taken—to thwart Badley's harassment. But the law does not require Keller ISD to behave perfectly, nor even efficaciously. The law only requires Keller ISD to be more than deliberately indifferent. *See Gebser*, 524 U.S. at 290–91. And based on all the evidence that the Court has reviewed up to this point—including the supposedly new evidence presented in Plaintiff's Motion—the Court does not believe that Defendant was deliberately indifferent in its response to Badley's misconduct.

For this reason, and the other reasons stated herein, the Court **DENIES** Plaintiff's Motion for Reconsideration, Motion for New Trial, and Motion to Amend and/or Alter the Judgment (ECF No. 44). The Court's Final Judgment (ECF No. 43), issued on July 7, 2022, remains unchanged.

**SO ORDERED** on this **30th day** of **March, 2023.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[22] July 7, 2022 Order 8, ECF No. 42.